IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANESSA A. SCIMONE, | ) |
|              Plaintiff, | ) |
|     v. | ) Civil Action No. 21-728 |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) |
|              Defendant. | ) |

**MEMORANDUM ORDER**

Plaintiff Vanessa A. Scimone commenced this action in the Court of Common Pleas of Allegheny County, Pennsylvania by filing a Writ of Summons. (*See* Docket No. 1-1). On June 3, 2021, Defendant Nationwide Mutual Insurance Company filed a Notice of Removal seeking to remove the action to this Court on the basis of diversity jurisdiction. (*See* Docket No. 1, ¶¶ 18-24). In the Notice of Removal, Defendant asserts it "learned that [Plaintiff's] writ arises from a claim for alleged personal injuries [she] suffered while on the premises of Nationwide's insureds Roosters Roadhouse, Inc., Jeanette M. Payne, and Bruce Payne," and "later learned that the allegations against it arise from [a] Consent Judgment" entered into between Plaintiff and Roosters. (*Id.*, ¶¶ 2, 7, 15). Defendant acknowledges that "[Plaintiff] has not filed a complaint in the Allegheny County Court of Common Pleas and removal may yet be premature. Nationwide is removing this case now out of an abundance of caution based on the recent dismissal of the non-diverse defendants and its understanding that this action arises from the Consent Judgment, which exceeds the jurisdictional limit of $75,000." (*Id.*, ¶ 16, n.2).

Initially, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94

1

(2010); s*ee also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (stating that a "court can raise *sua sponte* subject-matter jurisdiction concerns."). Although Plaintiff has not challenged subject matter jurisdiction by filing a motion to remand, the Court concludes that removal is premature and the case must be remanded to the state court.

The statute governing the procedure for removing a case to federal court provides, in part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The Third Circuit Court of Appeals has held that a writ of summons is not an " 'initial pleading' that triggers the 30–day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). "[B]ecause the "initial pleading" described in § 1446(b) is a complaint, not a summons, an action cannot be removed until a complaint has been filed." *Geromichalos v. Cascade Eng'g, Inc.*, Civ. No. 20-3164, 2020 WL 4060300, at *2 (E.D. Pa. July 20, 2020) (citations omitted); *see also Estate of Kempf v. Washington County*, No. 2:15-cv-00486-TFM, 2015 WL 1651051, at *1 (W.D. Pa. Apr. 14, 2015) ("[T]he removal deadline is triggered only by the filing of a complaint; where no complaint has been filed . . . removal is improper.") (internal quotation marks and citations omitted). As such, removal of a writ of summons alone is premature because a court "cannot find in the Writ of Summons a case or controversy sufficient to satisfy the requirements of Article III of the Constitution and statutes and rules establishing [a federal court's] jurisdiction." *Gervel v. L & J Talent*, 805 F. Supp. 308, 309 n.4 (E.D. Pa. 1992).

As stated, Defendant seeks to remove a writ of summons, not a complaint. (*See* Docket No. 1-1). Without a complaint, Defendant is unable to meet its burden to establish that this Court

has subject matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[T]he burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction."); *Gervel*, 805 F. Supp. at 309 n.4.  Indeed, Defendant acknowledges that removal "may yet be premature."  (Docket No. 1, ¶ 16, n.2).  Accordingly, because Defendant's Notice of Removal is premature, the Court will remand this matter to state court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 941 F. Supp. 2d 568, 571 (E.D. Pa. 2013) (finding remand appropriate even when "it appears *likely* that once complaints have been filed the state-court actions will be removable") (emphasis in original).

For the forgoing reasons, IT IS HEREBY ORDERED that this case is REMANDED forthwith to the Court of Common Pleas of Allegheny County, Pennsylvania.  This ruling is without prejudice to Defendant's right to remove the action, if appropriate, after Plaintiff has filed a complaint in state court.

The Clerk of Court shall mark this case CLOSED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date:   July 27, 2021

cc/ecf:  All counsel of record